UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KEVIN JONES,

        Plaintiffs,

  v.

HOMEQ SERVICING, a North Carolina Corporation; DECISION ONE MORTGAGE COMPANY, LLC, a North Carolina limited liability company; all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; and DOES 1-20,

        Defendants.

NO. 2:09-cv-3392 FCD KJM

ORDER

----oo0oo----

This matter is before the court on defendant HomeQ Servicing Inc.'s ("defendant") motion to dismiss plaintiff's complaint, which was removed from the Superior Court of the State of California for the County of San Joaquin. Jurisdiction is a threshold inquiry before the adjudication of any case before the

1 court.  See Morongo Band of Mission Indians v. Cal. State Bd. of
2 Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Without
3 jurisdiction, this court cannot adjudicate the merits of this
4 case or order any relief.  See id. ("If the district court had no
5 jurisdiction over the subject matter, the action should have been
6 dismissed, regardless of the parties' preference for an
7 adjudication in federal court.").

8     The case was removed on December 4, 2009 to the United
9 States District Court for the Eastern District of California by
10 defendant under 28 U.S.C. §§ 1441 based on federal question
11 jurisdiction.  Plaintiffs' complaint alleges causes of action for
12 cancellation of deed, fraud, constructive trust and order of
13 conveyance, breach of fiduciary duty and constructive fraud,
14 wrongful foreclosure, unfair business practices, breach of duty
15 of good faith and fair dealing, negligent infliction of emotional
16 distress, quiet title, negligence, and injunctive relief.
17 Defendant removed the case, asserting that plaintiffs also
18 asserted violations of federal statutes, including, *inter alia*,
19 the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and
20 the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §
21 2601 *et seq.*, through their state law claims.

22     "The presence or absence of federal question jurisdiction is
23 governed by the 'well-pleaded complaint rule,' which provides
24 that federal jurisdiction exists only when a federal question is
25 presented on the face of the plaintiff's properly pleaded
26 complaint."  Sacramento Metropolitan Air Quality Management Dist.
27 v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal
28

jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994) (holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction).

    In this case, plaintiffs' claims do not rely solely on violations of federal law.  Specifically, throughout the complaint, plaintiff contends that the deed is fatally defective for various violations of federal law as well as for "violation

3

1  of underwriting standards." (Compl, Ex. A to Notice of Removal,
2  ¶ 10(j); see ¶¶ 15, 26, 38, 73.) However, many of the claims are
3  not based solely on violations of federal law, but also upon
4  alleged conduct of defendants that implicate state tort and
5  contract law as well as state statutes and regulations. (Id. ¶¶
6  17-23, 29-36, 40-57, 58-62, 63-66, 77-81.) Indeed, in his claim
7  for wrongful foreclosure, plaintiff alleges that defendants
8  violated "applicable *California Code provisions* and federal
9  statutes." (Id. ¶ 39.) As such, resolution of the potential
10 federal issues raised in the complaint is not essential, and
11 thus, determination of federal law is not a necessary element of
12 one of the well-pleaded state claims. See Christianson v. Colt
13 Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim
14 supported by alternative theories in the complaint may not form
15 the basis for [federal] jurisdiction unless [federal] law is
16 essential to each of those theories.").

17    Because the court does not have federal question
18 jurisdiction over plaintiff's claims,[1] the court REMANDS this
19 action back to the Superior Court of California, County of San
20 Joaquin.

21    IT IS SO ORDERED.
22 DATED: March 12, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Defendant raises no basis for removal based upon diversity jurisdiction in its Notice of Removal.

4